## MILLER vs. PRAIRIE DU CHIEN & McGREGOR RAILWAY COMPANY.

RAILROAD COMPANY: (1) *When authorized to build over navigable stream.* (2) *Validity of its corporate organization cannot be questioned collaterally.*

1. Under the *general railroad law* of this state (ch. 119, Gen. Laws of 1872), a corporation duly organized in pursuance thereof, if its line of road crosses a *navigable stream*, is authorized to *build a bridge* over such stream, subject only to the restrictions specified in the law.

2. The *validity of a patent* issued to a railroad company, and the fact that it is lawfully organized, with power to procure a condemnation of land for its roadway, cannot be *questioned on an appeal from an award* of damages; but such question must be raised when application is made for the appointment of commissioners, before the court or judge to whom such application is made, or in the supervisory court to which the proceedings may be removed on *certiorari*, or in some other direct proceeding authorized by law for that purpose.

APPEAL from the Circuit Court for *Crawford* County.

The appellant, the railway company, claims to be a corporation organized under the general railroad law of this state,

Laws of 1872, ch. 119. The patent issued to it pursuant to section one of that law, is as follows: .

"STATE OF WISCONSIN.

*To all to whom these presents shall come,* greeting:

WHEREAS, John Lawler, James Lawler, Peter Doyle, J. H. Houston and George Bass have filed in the office of the Secretary of State, certain articles of association, with a view to forming a corporation, to be known as The Prairie du Chien and McGregor Railway Company, and with a capital of one hundred thousand dollars, for the purpose of constructing, maintaining and operating a railroad from the city of Prairie du Chien, Crawford county, Wisconsin, to the town of Mendon, in Clayton county, Iowa; and have complied with the provisions of the statutes in such case made and provided; *therefore,* the state of Wisconsin does hereby grant unto the above named persons, and their successors and assigns, full authority, by and under their said name of The Prairie du Chien and McGregor Railway Company, to exercise the powers and privileges of a corporation, for the purposes above stated, and in accordance with their said articles of association and the laws of this state.

IN WITNESS WHEREOF these presents have been attested with the Great Seal, and signed by the Governor and countersigned by the Secretary of State of the state of Wisconsin, at Madison, the 10th day of October, in the year one thousand eight hundred and seventy-two.          C. C. WASHBURN, *Governor.*

LL. BREESE, *Secretary of State.*"

Pursuant to the provisions of that law, application was made in due form to the judge of the fifth judicial circuit for the appointment of commissioners to appraise certain lands of the respondent which the appellant sought to condemn; such commissioners were duly appointed; and such appraisal was made as required by law, and filed in the proper office.

The respondent appealed from the appraisal of damages to the circuit court. All of these proceedings seem to have been

in strict compliance with the requirements of the above law. (See sections 13 to 18.)

.Afterwards, and while such appeal was still pending, the respondent, *Miller* (who was, of course, the plaintiff in the action instituted by such appeal), moved the court to quash the award and all of the aforesaid proceedings, for several reasons not necessary to be here stated; and the court granted such motion on the ground that there was no legislative act in existence conferring upon the railway company the power to construct its railroad over a navigable stream.

From the order quashing such award and proceedings, the railway company appealed.

*Gregory & Pinney*, for appellant, contended that, under the provisions of sec. 2, ch. 119, Laws of 1872, the patent to the railway company is made conclusive evidence of the existence of such corporation in all actions or proceedings where (as in this case) the question of its existence is only collaterally involved, and *prima facie* evidence in all other actions and proceedings. Even if the corporate existence of the defendant were directly questioned in this case, still there is nothing to invalidate the *prima facie* evidence furnished by the patent. 2. The corporation, as such, became possessed of the powers specified in sec. 11, ch. 119, Laws of 1872, in addition to those conferred on corporations by ch. 78, R. S. ; and among these enumerated powers is the power to construct its road " across, along or upon any stream of water, water course or highway, etc., which the route of its road shall intersect or touch." Upon the subject of building bridges over the navigable streams of the country, the power of the states is supreme, except where the federal government intervenes to prohibit or regulate it, by virtue of its power to regulate commerce; and no such structure would, *per se*, be illegal, unless condemned or prohibited by federal authority. *Gilman v. Philadelphia*, 3 Wall., 713, and cases cited. 3. The taking of the appeal concedes the authority of the company to take the lands for the purposes indicated,

and also its corporate existence ; and the only question then open for consideration is as to the amount of compensation, and to whom, and when and how it shall be paid.    The right to litigate any other question is waived by the act of appealing from the award, and the authority of the commissioners is thereby conceded.    Redfield on Railways (2nd ed.), 141 ; Pierce on Railways, 169 ; *Fitchburg Railway v. Boston & Maine Railway*, 3 Cush., 58.

*Orton, Keyes & Chynoweth, contra,* argued that the right to take private property to the use of a railway company being jurisdictional in proceedings for condemnation, if there is no such company, and the certificate of its organization as a company is void, the proceeding falls ; and this question may be raised by a direct proceeding in equity, or by motion.    *Burns v. M. & M. R. Co.*, 9 Wis., 450; *Strang v. B. & M. R. R. Co.*, 16 id., 635 ; *Atlantic R'y v. Sullivant*, 5 Ohio St., 276.    2. The language of the patent, "from the city of Prairie du Chien to the town of Mendon," means from the western boundary of the city of Prairie du Chien to the eastern boundary of the town of Mendon, across the river, and these boundaries are in the river.    *Northeast R'y Co. v. Payne*, 8 Rich., 177 ; 2 Beasley, 17. 3. This is a bridge company, and not a railway company, and the route or line is only across the Mississippi river, and over no lands of individuals ; and virtually the patent confers the right to bridge that river.    Such an organization is void.    The authority to build a bridge across any navigable stream in this state must be specially given by the legislature.    *Barnes v. City of Racine*, 4 Wis., 454 ; *Fort Plaine Bridge Co. v. Smith*, 30 N. Y., 44 ; Va. Cases, 63 ; R. S. 1858, ch. 41, sec. 2.    4. The right to bridge the Mississippi river must be conferred by congress, and must be controlled by the war department.    *U. S. v. M. & St. P. R'y Co.*, 13 How. (U. S.), 518; *Pomeroy v. Donaldson*, 5 Mo., 36.    5. The organization is void because it does not comply with the statute in fixing the route or the termini of the road.    General R. R. Law of 1872; *Atlantic R'y Co. v. Sullivant, supra.*

Miller vs. Prairie du Chien & McGregor Railway Company.

LYON, J. We are compelled to differ with the learned circuit judge in the views which he took of the scope and extent of the powers and franchises granted by the general railroad law to corporations organized under it. We think that the law authorizes the organization of corporations with power to build railroads from any given point in the state or in any boundary line thereof, to any other point therein, and if any railroad constructed between such points crosses a navigable stream, the law authorizes the building thereof over such stream, subject only to the restrictions specified in the law. This construction of the statute removes the objection which the circuit court held was fatal to the validity of the patent, to wit, that there was no legislative act in existence authorizing the railway company to construct its railroad over navigable waters.

But we think that the order appealed from must be reversed on another ground. We hold that the validity of the patent cannot be adjudicated and the patent held invalid, on an appeal by the original land owner from an award of damages. If the plaintiff appeals from such award, he must be held as admitting that the defendant company is lawfully organized, with power to procure a condemnation to its use of the land in question.

The questions of the corporate character of the defendant, and its right to take the land by condemnation, can only be raised before the court or judge when the application is made for the appointment of commissioners, or in the supervisory court to which the proceedings may be removed by *certiorari*, or in some other direct proceeding to the same end, authorized by law.

The order of the circuit court, quashing the award and other proceedings, must be reversed; and the cause will be remanded for further proceedings according to law.

*By the Court.* — It is so ordered.